1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAGEN INC., <br><br> Petitioner, <br><br> vs. <br><br> DAIICHI SANKYO CO., LTD., <br><br> Respondent. | Case No. <br><br> **PETITIONER SEAGEN'S PETITION TO VACATE ARBITRATION AWARD** |

**SEAGEN INC.'S PETITION TO VACATE ARBITRATION AWARD**
**Case No.** _____

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Petitioner Seagen Inc. ("Seagen") respectfully submits this Petition seeking an order vacating the award ("Award") entered in an arbitration administered by the American Arbitration Association in Seattle, Washington between Seagen and Respondent Daiichi Sankyo Co., Ltd. ("DSC"). For the reasons set forth below and in the forthcoming Memorandum in Support of this Petition, the Award should be vacated as exceeding the powers of the arbitrator pursuant to 9 U.S.C. § 10 because it fails to draw its essence from the agreement between the parties, is completely irrational, and manifestly disregards Washington State law, thus depriving Seagen of the benefit of improvements that were made using Seagen proprietary technology during the parties' collaboration. Seagen alleges as follows:

## I.   INTRODUCTION

1. Seagen and DSC entered into a Collaboration Agreement effective July 2, 2008 ("Collaboration Agreement").

2. The Collaboration Agreement was entered into so that DSC could gain access "to [Seagen's] proprietary cytotoxin and linker technology for use in conjunction with [DSC's] development, commercialization, manufacture, marketing and sale of [DSC's] antibodies . . . ."

3. Under the terms of the Collaboration Agreement, Seagen owns all "Improvements" that DSC may conceive, develop, or reduce to practice that relate to the "Drug Conjugation Technology." All such Improvements were "hereby assigned" by DSC to Seagen.

4. Despite having assigned all such Improvements to Seagen, however, DSC filed patent applications on these Improvements for its own benefit.

5. Seagen filed a demand for arbitration against DSC on November 12, 2019. Seagen alleged in its arbitration demand that certain intellectual property (the "Improvement IP") constitutes "Improvements" to Seagen's "Drug Conjugation Technology," which Seagen owns under the Collaboration Agreement. On June 24, 2020, Seagen filed an amended arbitration demand. Seagen asserted causes of action against DSC for (1) quiet title to confirm Seagen's ownership of the Improvement IP; and (2) breach of contract based on DSC's naming itself as owner of the Improvement IP.

SEAGEN INC.'S PETITION TO VACATE
ARBITRATION AWARD
Case No. _____          1.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

6. The Arbitration was heard before Hon. Garrett E. Brown, Jr. (Ret.) ("the Arbitrator"). On August 11, 2022, the Arbitrator issued an "Interim Award pursuant to AAA Rule 47(b)" ("Award"). Although styled as an "Interim Award," the Award states that it "is fully and finally dispositive with respect to all factual issues, legal and equitable arguments, and defenses raised in conjunction with the Parties' claims and requests for relief, with the sole exception of the Parties' respective requests for an award of, inter alia, attorneys' fees." (Award at 20.) The Award also notes that "for purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this *Final Award* was made in Seattle, Washington, United States of America." (*Id.* at 46 (emphasis added).)

7. Seagen seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 10, vacating the Award.

## II.  PARTIES

8. Seagen, formerly known as Seattle Genetics, Inc., is a biotechnology company incorporated under the laws of the state of Delaware with Bothell, Washington as its principal place of business in this judicial district.

9. DSC is a corporation organized and existing under the laws of Japan, having its principal place of business at 3-5-1, Nihonbashi Honchō, Chūo-ku, Tokyo 103-8426, Japan.

## III.  JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203, because the Award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, in that the arbitration award is not entirely between citizens of the United States. 9 U.S.C. § 202.

11. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action between a citizen of the State of Washington and a citizen of Japan, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

SEAGEN INC.'S PETITION TO VACATE
ARBITRATION AWARD
Case No. _____

2.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

12. This Court has personal jurisdiction over DSC. DSC expressly agreed to arbitrate its claims before an arbitral body in Seattle, Washington in accordance with the rules of the American Arbitration Association ("AAA") pursuant to the Collaboration Agreement. DSC further agreed that the site of arbitration would be Seattle, Washington. Pursuant to the parties' Collaboration Agreement, the AAA arbitration proceeding itself was sited in Seattle, Washington.

13. Venue is proper in this judicial district pursuant to 9 U.S.C. § 10(a) and 204 because the arbitration was sited and the award was made in Seattle, Washington in the Western District of Washington. In addition, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the Western District of Washington.

## IV. FACTS

14. Seagen is a cancer-focused biotechnology company widely known as a pioneer in antibody-drug conjugates ("ADCs"). ADCs are specialized therapeutics in which antibodies to specific disease targets are linked with biologically active payloads—the toxic "drug" component of the ADC. This linking is referred to as "conjugation" and is achieved using a component referred to as a "linker."

15. Before the collaboration with Seagen, DSC had previously tried to develop a different technology class than ADCs but could not achieve clinical results that would support commercialization. Thus, DSC sought to partner with Seagen in order to gain access to Seagen's proprietary ADC technology, know-how, patents, and patent applications. The parties agreed on the terms set forth in the Collaboration Agreement.

16. For more than seven years, Seagen provided DSC with critical knowledge, information, materials, and instruction—including extensive in-person training—to enable DSC to develop and commercialize ADCs. The Collaboration Agreement acknowledged that Seagen possessed "intellectual property rights relating to certain technology useful for linking certain proprietary cytotoxins to other molecules such as antibodies capable of directing such cytotoxins to specific tissues and/or cells[.]" Recognizing the importance of that technology, the parties

SEAGEN INC.'S PETITION TO VACATE ARBITRATION AWARD
Case No. _____

3.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

reached a clear and unambiguous bargain, providing that improvements to the Seagen ADC technology that were developed during the term of the collaboration would be owned by Seagen. As a result, the Collaboration Agreement provides that DSC "hereby assigns" such improvements to Seagen.

17. Despite its assignment and obligations under the Collaboration Agreement, DSC used Seagen Technology to develop Improvements and then filed patent applications on these Improvements. DSC named itself the owner of this intellectual property, even though it had been assigned to Seagen under the terms of the Collaboration Agreement.

18. Section 19.3 of the Collaboration Agreement, entitled "Dispute Resolution" provides a mechanism to resolve disputes or disagreements in respect of the Collaboration Agreement, which includes the submission of unresolved disputes "for resolution by an arbitral body in Seattle, Washington in accordance with the then-current commercial arbitration rules of the American Arbitration Association ('AAA') . . . ." The Collaboration Agreement states that the "Agreement shall be governed by and construed in accordance with the laws of the State of Washington and the United States of America, without regard to the conflict of law principles thereof that may dictate application of the laws of any other state."

19. Seagen filed an arbitration demand against DSC for (1) quiet title to confirm Seagen's ownership of the Improvement IP; and (2) breach of contract based on DSC's naming itself as owner of the Improvement IP. The Award dismissed both claims contrary to the express terms of the Collaboration Agreement, thus depriving Seagen of the benefit of its bargain. This petition seeks to vacate the Award's finding as to Seagen's quiet title claim.

20. Seagen has brought this action within three months of August 12, 2022, the date the Award was delivered to the parties.

## COUNT I

### (Vacatur of Arbitration Award Under the Federal Arbitration Act)

21. Seagen repeats and alleges paragraphs 1 through 20 hereof, as if fully set forth within. Seagen will also submit a Memorandum in Support of this Petition, including material

SEAGEN INC.'S PETITION TO VACATE
ARBITRATION AWARD
Case No. _____

4.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

designated as "Highly Confidential," after Seagen has an opportunity to meet and confer with DSC regarding the portions of the record to be filed under seal, per LCR 5(g).

22. This Court may vacate an arbitration award under 9 U.S.C. § 10 "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

23. The Ninth Circuit has held that arbitrators "exceed their powers" when an award is "completely irrational" or exhibits a "manifest disregard of the law." *ASPIC Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) ("We have held that arbitrators 'exceed their powers' [within the meaning of 9 U.S.C. § 10] when the award is 'completely irrational' or exhibits a 'manifest disregard of the law.'").

24. An award is "completely irrational" within the meaning of Section 10(a)(4) where it fails to draw its essence from the agreement, which occurs if the award contradicts or is not authorized by the plain language of the parties' agreement, conflicts with or disregards the express language of the agreement, or is not a plausible interpretation of the contract. *Providence St. Peter Hosp. v. United Staff Nurses' Union Local* 141, No. 08-cv-5639-RJB, 2009 WL 426300, at *6 (W.D. Wash. Feb. 19, 2009).

25. The Award is both "completely irrational" and exhibits a "manifest disregard of the law." *Aspic Eng'g*, 913 F.3d at 1166. As will be detailed more fully in the forthcoming Memorandum in Support, the Award determined that DSC's technology is not an "improvement related to the Drug Conjugation Technology," a finding in direct conflict with the express language of the Collaboration Agreement. <u>First</u>, the Award decided the dispute as if subparts (b) and (c) of the definition of "Drug Conjugation Technology" did not exist. <u>Second</u>, the Award deviated from the plain meaning of the term "such as" in subpart (a) to reach a preferred outcome without even addressing the undisputed evidence and the negotiation history confirming the Award's interpretation was wrong. The Award's finding disregards the language and essence of the Collaboration Agreement and is completely irrational.

SEAGEN INC.'S PETITION TO VACATE
ARBITRATION AWARD
Case No. _____

5.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

26. The Award's statute of limitations rulings are also completely irrational and in manifest disregard of the law. The Award recognized that Washington Law has no statute of limitations for quiet title claims, yet nevertheless dismissed Seagen's quiet title claim as time-barred under the six-year statute of limitations for breach of contract claims.

27. The Award also irrationally disregards the "hereby assigns" clause of the Collaboration Agreement—which is the basis of the quiet title claim—and instead finds that the gravamen of Seagen's quiet title claim was for specific performance. The "hereby assigns" clause, however, was automatic by operation of law; no further act was required, as the Award itself acknowledged. The Award irrationally applied a breach of contract statute of limitations to a claim that did not turn on any breach of contract issue. *See DDB Techs., LLC v. MLB Advanced Media, LP.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) ("This contractual language was not merely an agreement to assign, but an express assignment of rights in future inventions. The district court therefore correctly determined that, if the patents in suit were within the scope of the employment agreement, they would have been automatically assigned [] by operation of law with no further act required on the part of the company. Accordingly, DDB's statute of limitations, waiver, and estoppel defenses have no merit.").

## V. PRAYER FOR RELIEF

WHEREFORE, Seagen respectfully requests that this Court:

(a) Issue an order pursuant to 9 U.S.C. § 10 vacating the arbitration award by Hon. Garrett E. Brown, Jr. (Ret.) dated August 11, 2022;

(b) Issue an order directing a rehearing before a new arbitrator; and

(c) Award Seagen such other and further relief as this Court deems just and proper.

Dated: November 10, 2022

/s/ Christopher B. Durbin
Christopher B. Durbin (WSBA No. 41159)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Tel.: (206) 452-8700

SEAGEN INC.'S PETITION TO VACATE ARBITRATION AWARD
Case No. _____

6.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Fax: (206) 452-8800
Email: cdurbin@cooley.com

Michael A. Jacobs (*pro hac vice* pending)
Matthew A. Chivvis (*pro hac vice* pending)
Matthew I. Kreeger (*pro hac vice* pending)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Tel.: (415) 268-7000
Fax: (415) 268-7522
Email: MJacobs@mofo.com
      MChivvis@mofo.com
      MKreeger@mofo.com

Veronica Ascarrunz (*pro hac vice* pending)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Tel.: (202) 887-1500
Fax: (202) 887-0763
Email: VAscarrunz@mofo.com

Evelyn L. Chang (*pro hac vice* pending)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Tel.: (650) 813-5600
Fax: (650) 494-0792
Email: EvelynChang@mofo.com

Attorneys for Petitioner SEAGEN INC.

**SEAGEN INC.'S PETITION TO VACATE ARBITRATION AWARD**
**Case No.** _____

7.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700