The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

SEAGEN INC.,

        Petitioner,

   v.

DAIICHI SANKYO CO., LTD.,

        Respondent.

Case No. 2:22-cv-01613-TL

**PETITIONER SEAGEN INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

NOTICE OF SUPPL. AUTHORITY
Case No. 2:22-cv-01613-TL

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

**PLEASE TAKE NOTICE** that, pursuant to LCR 7(n), Petitioner Seagen Inc. ("Seagen") respectfully submits the attached order issued by Hon. Garrett E. Brown, Jr. (Ret.) (the "Arbitrator") on December 19, 2022 in the arbitration between Seagen and Respondent Daiichi Sankyo Co., Ltd. ("DSC") as additional authority for the Court's consideration in evaluating Seagen's Petition to Vacate Arbitration Award (the "Petition") (Dkt. No. 1).

Seagen filed the Petition on November 10, 2022, noting that the Award, while styled as an "Interim Award," "states that it 'is fully and finally dispositive with respect to all factual issues, legal and equitable arguments, and defenses raised in conjunction with the Parties' claims and requests for relief, with the sole exception of the Parties' respective requests for an award of, inter alia, attorneys' fees.'" (*See* Dkt. No. 1 at ¶ 6; *see also id.* at ¶¶ 19, 20; Dkt. No. 11 at 10.)

In his December 19, 2022 Order, the Arbitrator stated that "no Final Award has been issued in this arbitration pursuant [to] AAA Rule R-47(b), and thus, Seagen's pending petition to vacate the Interim Award appears to be interlocutory." (12/19/2022 Order at 3.) A true and correct copy of the Arbitrator's December 19, 2022 order is attached as **Exhibit A**.

Dated: December 22, 2022

                                   */s/Christopher B. Durbin*
                                   Christopher B. Durbin (WSBA No. 41159)
                                   COOLEY LLP
                                   1700 Seventh Avenue, Suite 1900
                                   Seattle, WA 98101-1355
                                   Tel.: (206) 452-8700
                                   Fax: (206) 452-8800
                                   Email: cdurbin@cooley.com

                                   Michael A. Jacobs (*pro hac vice*)
                                   Matthew A. Chivvis (*pro hac vice*)
                                   Matthew I. Kreeger (*pro hac vice*)
                                   MORRISON & FOERSTER LLP
                                   425 Market Street
                                   San Francisco, California 94105-2482
                                   Tel.: (415) 268-7000
                                   Fax: (415) 268-7522
                                   Email: MJacobs@mofo.com
                                                    MChivvis@mofo.com
                                                    MKreeger@mofo.com

NOTICE OF SUPPL. AUTHORITY
Case No. 2:22-cv-01613-TL

2.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Evelyn L. Chang (*pro hac vice*)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Tel.: (650) 813-5600
Fax: (650) 494-0792
Email: EvelynChang@mofo.com

Attorneys for Petitioner SEAGEN INC.

NOTICE OF SUPPL. AUTHORITY
Case No. 2:22-cv-01613-TL

3.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

# EXHIBIT A

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
International Arbitration Tribunal

| | | | |
|---|---|---|---|
| SEAGEN INC., | : | | |
| | : | | |
| Claimant, | : | CASE NO: 01-19-0004-0115 | |
| | : | | |
| v. | : | **ORDER** | |
| | : | | |
| DAIICHI SANKYO CO., LTD., | : | RE: | (1) DSC's Request for an Award of its Reasonable Costs and Fees; and (2) Seagen's Request to Stay |
| Respondent. | : | | |

**I.     Background**

On August 11, 2022, the undersigned Arbitrator (the "Arbitrator") issued an Interim Award (the "Interim Award") that resolved all issues in this proceeding except for a prospective award to Respondent Daiichi Sankyo Co., LTD. ("DSC") of its "costs of arbitration, reasonable attorneys' fees and reasonable costs for expert and other witnesses" pursuant to Section 19.3.4 of the Parties' Collaboration Agreement. With respect to that sole remaining issue, the Arbitrator instructed DSC and Claimant Seagen Inc. ("Seagen") to "promptly meet and confer, and not later than August 31, 2022, make a single joint submission that explains the Parties' agreement and/or respective positions on the need for/suggested structure of future proceedings related to" any request by DSC for an award pursuant to Section 19.3.4. (Interim Award at 45).

Accordingly, on August 31, 2022, the Parties made a joint submission explaining their stipulation that: (1) by September 14, 2022, DSC would make a submission to the Arbitrator that sets forth: "(a) its reasonable costs and fees in the arbitration that [it] is requesting; and (b) the categories of the costs and fees that should be shifted, the amounts for each category, and the total amount that it contends should be shifted" along with a supporting affidavit; (2) by October 12, 2022, Seagen would submit any response to DSC's request; and (3) DSC would submit any reply

1

by November 2, 2022. (8/31/22 Jt. Ltr.). The Arbitrator adopted the Parties' foregoing stipulation on September 1, 2022, and in doing so, stated as follows:

> Given the size and complexity of this proceeding, I agree that a categorical approach to DSC's request – and any disputes arising therefrom – is appropriate, and strongly urge the Parties to avoid the need for me to undertake a granular/detailed review of time entries and/or invoices as part of their forthcoming submissions.

(9/1/22 ICDR Email).

Pursuant to the foregoing stipulation, the Parties timely made their respective submissions which reflect, in sum: (1) DSC's request for a total award of US$58,092,301.58 and JPY3,436,666 that collectively consists of "(i) Arbitrator fees and expenses; (ii) hearing and support services expenses; (iii) outside counsel attorneys' fees and expenses; (iv) expert witness fees and expenses; and (v) fact witness expenses" (see 9/14/22 DSC Mot. Br. at 2); and (2) Seagen's objections – stated in both general and categorical terms – for an award of any amount to DSC pursuant to Section 19.3.4.

On November 10, 2022, after the foregoing submissions were made, Seagen requested that the Arbitrator "stay his ruling on Respondent DSC's request for fees" pending resolution of a petition to vacate the Interim Award that Seagen filed in the United States District Court for the Western District of Washington. (11/10/22 Seagen Email). DSC submitted a letter in opposition to that request on November 21, 2022, and Seagen submitted a letter in reply on December 1, 2022.

**II.   Discussion**

The Arbitrator has reviewed all of the Parties' foregoing submissions in conjunction with the Interim Award. Having done so, the Arbitrator resolves various issues presented by the Parties as follows.

    *A.   Seagen's Request for a Stay*

As noted, on November 10, 2022, Seagen requested that the Arbitrator stay this proceeding pending resolution of its petition to vacate the Interim Award. In its November 21, 2022 letter opposing that request, DSC argues, inter alia, that Seagen's request must be denied because: (1) Seagen has not "established good cause for a stay because there is none"; and (2) Seagen has not demonstrated that it will suffer any "undue prejudice from having the costs and fees issue resolved now." (DSC 11/21/22 Opp'n at 2). The Arbitrator agrees with DSC on both points.

Moreover, the Arbitrator notes that no Final Award has been issued in this arbitration pursuant AAA Rule R-47(b), and thus, Seagen's pending petition to vacate the Interim Award appears to be interlocutory. Despite that procedural posture, Seagen cites no authority from any source in support of its inherent contention that – absent the Parties' agreement – it is even potentially appropriate to stay this arbitration pending interlocutory judicial review. Given that landscape, the Arbitrator is persuaded that the applicable AAA Rules militate efficient resolution of this proceeding via the issuance of a Final Award – which would include resolution of DSC's request for an award pursuant to Section 19.3.4 of the Collaboration Agreement.

For these reasons, Seagen's November 10, 2022 request for a stay must be DENIED.

        B.        *DSC's Request for an Award of its "Reasonable Costs and Fees"*

Section 19.3.4 of the Collaboration Agreement states as follows in pertinent part: "the judgment rendered by the arbitrator shall include the costs of arbitration, reasonable attorneys' fees and reasonable costs for expert and other witnesses." (RX-0008 at § 19.3.4) (emphasis added). Thus, based upon the Arbitrator's determinations in the Interim Award, Section 19.3.4 mandates that DSC "shall" receive its attorneys' fees and certain costs to the extent that they are "reasonable". Given that clear, unambiguous, and mandatory contract language, the Arbitrator was hopeful that the streamlined procedures reflected in their August 31, 2022 stipulation would

3

facilitate the prompt and efficient resolution of the sole issue remaining in this arbitration. Unfortunately, however, the Parties' subsequent submissions make clear that this was not to be. The present record does not provide the Arbitrator with a sufficient basis to fully and fairly evaluate DSC's request for an award pursuant to Section 19.3.4, which in total appears to exceed $US60,000,000. Instead, the Arbitrator is persuaded that additional proceedings are required to fulfill the clear mandate of Section 19.3.4 that DSC be awarded its "reasonable" attorneys' fees and costs. In an effort to structure those additional proceedings as efficiently as possible, the Arbitrator addresses and resolves certain threshold issues presented by the Parties' respective submissions to date, as follows:

- DSC's assertion that the Arbitrator should apply certain concepts asserted to be drawn from the realm of "international arbitration" as discussed in various scholarly publications is unavailing. As the Arbitrator made clear in the Interim Award, the AAA Rules and the substantive laws of the State of Washington and/or the United States of America are applicable in this proceeding and have been consistently and exclusively applied since its inception. (See Interim Award at § IV). Accordingly, it is the Arbitrator's expectation that the Parties' future arguments – like their arguments prior to the Interim Award – will be based upon those applicable sources of authority.

- Relatedly, the primary question presented by the Parties' submissions is the extent to which DSC's requested attorneys' fees are "reasonable" within the meaning of Section 19.3.4 of the Collaboration Agreement. It follows that the yardstick for gauging "reasonableness" in this context will be substantive Washington State law, which as reiterated above, governs the Collaboration Agreement.

4

- Under Washington State law, DSC bears the burden of proving that its requested attorneys' fees and costs are "reasonable", and to bear that burden, DSC must provide, <u>inter alia</u>, "reasonable documentation of the work performed in order to allow the court to assess whether the number of hours expended was reasonable." (10/12/22 Seagen Opp'n Br. at 4 (quoting <u>Zones, Inc. v. Evergreen Info. Tech Servs., Inc.</u>, No. 2:17-CV-00457-RAJ, 2019 WL 6894676, at *1 (W.D. Wash. Dec. 18, 2019) (internal quotations omitted)). Axiomatically, the "lodestar" paradigm is a well-accepted – if not mandatory – method of gauging reasonableness under Washington State law. (<u>See</u> <u>id.</u> at 5 (citing, e.g., <u>Crest Inc. v. Costco Wholesale Corp.</u>, 128 Wash. App. 760, 773 (Wash. Ct. App. 2005)).

- To the extent that DSC asserts, either expressly or impliedly, that Seagen agreed to waive or otherwise abrogate DSC's burden to prove the reasonableness of its requested attorneys' fees and costs under Washington State law by virtue of the Parties' August 31, 2022 stipulation, the Arbitrator disagrees. The Arbitrator further rejects Seagen's argument that "<u> </u>Because It Failed to Prove the Reasonableness of Its Request, DSC Is Not Entitled to Any Amount of Fees and Costs." (10/12/22 Seagen Opp'n Br. at 5)

- Finally, to the extent that Seagen argues that the attorneys' fees and costs it claims to have accrued to date in this proceeding are relevant to the reasonableness inquiry that the Arbitrator must undertake with respect to DSC's request, the Arbitrator disagrees.

### III. <u>Conclusion and Order</u>

The Arbitrator concludes that, with the benefit of the foregoing guidance, the Parties shall once again promptly meet-and-confer and utilize utmost good faith efforts to agree upon a workable process for promptly and efficiently addressing the sole remaining issue in this arbitration – DSC's request for an award of its attorneys' fees and costs pursuant to Section 19.3.4

5

of the Arbitration Agreement.  To that end, not later than January 16, 2023, the Parties shall make an additional single joint submission that explains: (1) their agreement upon a process; (2) if the Parties are not in complete agreement, any areas or issues upon which the Parties do agree; and/or (3) the Parties respective proposals – made in appropriate detail – for an effective process that reasonably accords with Washington State law.

Once again, the Arbitrator urges the Parties to consider categorical approaches that either largely avoid or completely obviate a need for the Arbitrator "to undertake a granular/detailed review of time entries and/or invoices as part of their forthcoming submissions."  (9/1/22 ICDR Email).  However, the Parties are advised that, in the absence of a meaningful agreement, the Arbitrator will establish a process for evaluating the reasonableness of DSC's requested attorneys' fees and costs that objectively complies with Washington State law.

IT IS SO ORDERED.

<u>/s/ Garrett E. Brown, Jr.</u>
Hon. Garrett E. Brown, Jr. (Ret.)
    Arbitrator

DATED: December 19, 2022