UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAGEN INC., <br><br> Petitioner, <br><br> v. <br><br> DAIICHI SANKYO CO., LTD., <br><br> Respondent. | CASE NO. C22-1613JLR <br><br> MINUTE ORDER |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

Before the court is Petitioner Seagen Inc.'s ("Seagen") petition to vacate the award (the "Award") entered into in the arbitration between Seagen and Respondent Daiichi Sankyo Co., Ltd. ("DSC"). (*See generally* Pet. (Dkt. # 1); Mem. (Dkt. ## 11 (sealed), 55 (redacted)).) In its petition, Seagen states that although the Award is labeled as an "Interim Award," it "is fully and finally dispositive with respect to all factual issues, legal and equitable arguments, and defenses raised in conjunction with the Parties' claims and

MINUTE ORDER - 1

requests for relief, with the sole exception of the Parties' respective requests for an award of, inter alia, attorneys' fees." (Pet. ¶ 6 (quoting Award (Dkt. # 13-2 (sealed)) at 20).) Similarly, DSC argues in its opposition that the Award has the requisite finality for the purpose of judicial review because the Award "is fully and finally dispositive" as to all of Seagen's claims and "the arbitrator's determination of attorney fees is easily severable and distinct." (Resp. (Dkt. # 59) at 6-7 (first quoting Award at 20; and then quoting *Hyosung (America) Inc. v. Tranax Tech. Inc.*, Case. No. C 10-0793 VRW, 2010 WL 1853764, at *4-5 (N.D. Cal. May 6, 2010)).)

In response to DSC's argument that Seagen failed to timely serve its petition (Resp. at 20-21), however, Seagen argues that because the Award is not final under the Federal Arbitration Act ("FAA"), the three-month period in which a party must serve a motion to vacate has not yet started. (Reply (Dkt. # 63) at 9-10.) To support its position that the Award is not final, Seagen relies on the Arbitrator's statement in his December 19, 2022 order that "no Final Award has been issued in this arbitration pursuant AAA Rule R-47(b), and thus, Seagen's pending petition to vacate the Interim Award appears to be interlocutory." (*Id.* (quoting Arb. 12/19/22 Order (Dkt. # 50), Ex. A at 3).)

"Under the FAA, courts may review final arbitration awards; however, no interlocutory review is intended of interim awards." *In re Pac. Gas & Elec. Co.*, No. CV-08-1211 CW, 2008 WL 2004275, at *3 (N.D. Cal. May 5, 2008); *see* 9 U.S.C. § 1 *et seq.*; *Millmen Local 550, United Broth. of Carpenters and Joiners of Am., AFL–CIO v. Wells Exterior Trim*, 828 F.2d 1373, 1375-77 (9th Cir. 1987); *New United Motor Mfg., Inc. v. United Auto Workers Loc. 2244*, 617 F. Supp. 2d 948, 954-59 (N.D. Cal. 2008).

"[B]ecause of the Congressional policy favoring arbitration when agreed to by the parties, judicial review of non-final arbitration awards 'should be indulged, if at all, only in the most extreme cases.'" *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022 (9th Cir. 1991) (quoting *Aerojet-General Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)).

Accordingly, the court ORDERS Seagen to file supplemental briefing regarding why its petition to vacate the Award is ripe for judicial review in light of the abovementioned legal principles and Seagen's contention that the Award is non-final under the FAA. Seagen's supplemental briefing must be filed no later than February 17, 2023, and may not exceed 1,400 words. The court further ORDERS DSC to respond to Seagen's supplemental briefing no later than February 22, 2023. DSC's brief may not exceed 1,050 words. The court DIRECTS the Clerk to renote Seagen's petition to vacate (Dkt. # 1) for February 22, 2023.

Filed and entered this 13th day of February, 2023.

RAVI SUBRAMANIAN
Clerk of Court

s/ Ashleigh Drecktrah
Deputy Clerk

MINUTE ORDER - 3