THE HONORABLE JUDGE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEAGEN INC.,

                       Petitioner,

v.

DAIICHI SANKYO CO., LTD.,

                       Respondent.

No. 2:22-cv-01613-TL

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF PETITION TO VACATE ARBITRATION AWARD**

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF PETITION TO VACATE ARBITRATION AWARD**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**I.     SEAGEN'S PETITION IS RIPE FOR JUDICIAL REVIEW**

The Award states in unambiguious terms that it "is fully and finally dispositive with respect to all factual issues, legal and equitable arguments, and defenses raised in conjunction with the Parties' claims and requests for relief, with the sole exception of the Parties' respective requests for an award of, *inter alia*, attorneys' fees."  Award at 20.  As explained below, an arbitral award that conclusively resolves all merits issues, leaving only costs and fees undecided, is ripe for judicial review.

The labeling of the Award as "interim" is not dispositive of its ripeness for judicial review.  In determining whether an arbitral award is ripe for review, courts focus not on how the award is styled but on its substance.  *See Publicis Commc'n v. True N. Commc'ns, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000).  An interim (or interlocutory) award may have the requisite indicia of finality to be ripe for judicial review.  *See, e.g.*, *New United Motor Mfg., Inc. v. United Auto Workers Local 2244*, 617 F.Supp.2d 948, 956-58 (N.D. Cal. 2008); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986).

The Award expressly resolved *all* the merits issues, leaving only costs and fees to be awarded to DSC as the prevailing party to be determined.  The Supreme Court has definitively held that "a request for attorney's fees … raises legal issues collateral to and separate from the decision on the merits."  *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (internal quotation marks and citation omitted).  Accordingly, "an unresolved issue of attorney's fees … does not prevent judgment on the merits from being final."  *Id.* at 202; *see also Ray Haluch Gravel Co. v. Cent. Pension Fund*, 571 U.S. 177, 185-89 (2014) (extending *Budinich* to contractual attorneys' fees provisions).  This is entirely different from instances where the Ninth Circuit "refused to review awards that decided *only part* of the substantive issues submitted to arbitration."  *Pac. Reinsurance v. Ohio Reinsurance*, 935 F.2d 1019, 1022 (9th Cir. 1991) (emphasis added).

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF PETITION TO VACATE ARBITRATION AWARD** – Page 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

When determining whether an arbitral award is judicially reviewable, the Ninth Circuit looks to what constitutes a final and appealable judgment under 28 U.S.C. § 1291. *See Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1376-77 (9th Cir. 1987). That analysis is instructive here: An award that conclusively resolves "all factual issues, legal and equitable arguments, and defenses" except for the question of attorneys' fees, Award at 20, is final for purposes of review. Such outcome "accords with traditional understanding" of what constitutes "a 'final decision,'" *Budinich*, 486 U.S. at 202, and promotes "promptness and clarity," *Ray Haluch*, 571 U.S. at 186.[*]

Courts within this Circuit and elsewhere have applied the Supreme Court's reasoning in *Budinich* and *Ray Haluch*, holding that an award resolving all issues in an arbitration except for a determination of fees is judicially reviewable. *See, e.g.*, *Hyosung (America) Inc. v. Tranax Techns. Inc.*, 2010 WL 1853764, at *2, *5 (N.D. Cal. May 6, 2010) ("[b]ased on the experience of the district courts in determining attorney fees and costs following entry of judgment on the merits, the court concludes that the arbitrator's determination of attorney fees is easily severable and distinct from the award of damages"); *Moster v. Credit Suisse Sec. (USA) LLC*, 2022 WL 4467626, at *5-6 (S.D.N.Y. Sept. 25, 2022) (award resolving the merits (but not the question of fees) is "final[] for the purpose of judicial review" because "[i]t is well-settled law that unresolved attorneys' fees do not affect finality") (citing *Budinich*, 486 U.S. at 202; *Ray Haluch*, 571 U.S. at 185); *Arriola v. Martinez*, 2016 WL 11582656, at *2 (W.D. Tex. May 20, 2016) (where "the only issue that remained unresolved as of the Interim Award [was] the question of attorneys fees … the

---

[*] The cases Seagen invokes (Dkt. 67 at 1) support finality here; they held that interim orders mandating pre-hearing security are final orders ripe for review. *See Pac. Reinsurance*, 935 F.2d at 1022-23 (interim order requiring escrow is a "final order[] [reviewable] for confirmation and enforcement … under the FAA"); *Banco de Seguros del Estado v. Mutual Marine Offices, Inc.*, 230 F. Supp. 2d 362, 369-70 (S.D.N.Y. 2022) (same); *Century Indem. Co. v. Underwriters at Lloyd's London*, 2012 WL 104773, at *4 (S.D.N.Y. Jan. 10, 2012) (same). And *Aerojet-General Corp. v. AAA*, 478 F.2d 248, 251 (9th Cir. 1973), *see* Dkt. 66 at 3, involved a quintessentially interlocutory order on the location of the arbitration.

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF PETITION TO VACATE ARBITRATION AWARD** – Page 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    Interim Award is final and definite under even the most restrictive interpretations of the finality

2    requirement").  Seagen's Petition is ripe for judicial review.

3    **II.    THE COURT SHOULD REJECT SEAGEN'S DELAY EFFORT**

4           Seagen itself acknowledged that its Petition was ripe for review despite the Award's

5    "interim" label.  Dkt. 1 ¶ 6.  Seagen did not assert (as it does now, *see* Dkt. 67 at 1) that its Petition

6    was "a protective measure."   Seagen claims that it realized the Award was non-final when it

7    received the Arbitrator's December 19, 2022 Order.  Dkt. 67 at 1.  But that order merely observed

8    that the Award was not the "Final Award" in the Arbitration because DSC's costs and fees

9    remained to be decided.  Dkt. 50, Ex. A at 3.  Despite its professed realization, Seagen did not seek

10   to stay this case; nor did Seagen mention any ripeness concerns when it notified this Court about

11   the Arbitrator's December Order.  *See* Dkt. 50 at 1.  A *month-and-a-half later*—after DSC's

12   Opposition pointed out that Seagen's Petition was untimely, Dkt. 59 at 20-21—did Seagen assert

13   that the Award was not final (and its Petition premature), Dkt. 63 at 9-10.

14          This Court should not endorse such gamesmanship.  If, upon receiving the Arbitrator's

15   December Order, Seagen came to believe the Award was not ripe for review, Seagen should have

16   promptly requested a stay.  DSC has expended considerable resources responding to the Petition

17   on the schedule that the Parties agreed.  And this Court has invested its resources reviewing the

18   Parties' briefing.  Permitting Seagen to put its Petition on ice—when it is ripe for review as a

19   matter of law—would only waste judicial resources because this Court would later have to

20   reacquaint itself with the facts, legal issues, and procedural history.

21   **III.   CONCLUSION**

22          The Court should proceed to decide Seagen's Petition.

23

24

25

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO
SEAGEN INC.'S SUPPLEMENTAL BRIEF re RIPENESS OF
PETITION TO VACATE ARBITRATION AWARD** – Page 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    DATED:  February 22, 2023

2                                        *I certify that this memorandum contains*
3                                        *1,050 words, in compliance with the Local*
                                         *Civil Rules and this Court's February 13,*
4                                        *2023, Minute Order.*

5                                        CORR CRONIN LLP

6                                        */s/ Jack M. Lovejoy*
7                                        Steven W. Fogg
                                         WSBA No. 23528
8                                        sfogg@corrcronin.com
                                         Jack M. Lovejoy
9                                        WSBA No. 36962
                                         jlovejoy@corrcronin.com
10                                       CORR CRONIN LLP
11                                       1015 Second Avenue, Floor 10
                                         Seattle, Washington 98104-1001
12                                       Telephone:  (206) 625-8600
                                         Fax:  (206) 625-0900
13
                                         OF COUNSEL:
14
15                                       Preston K. Ratliff II
                                         prestonratliff@paulhastings.com
16                                       Dana Weir
                                         danaweir@paulhastings.com
17                                       Amanda L. Pober
                                         amandapober@paulhastings.com
18                                       PAUL HASTINGS LLP
19                                       200 Park Avenue
                                         New York, New York 10166
20                                       Telephone:  (212) 318-6000

21                                       Joseph R. Profaizer
                                         joeprofaizer@paulhastings.com
22                                       Igor V. Timofeyev
                                         igortimofeyev@paulhastings.com
23                                       PAUL HASTINGS LLP
24                                       2050 M Street NW
                                         Washington, DC 20036
25                                       Telephone:  (202) 551-1700

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO**
**SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF**
**PETITION TO VACATE ARBITRATION AWARD** – Page 4

*Attorneys for Respondent*
*Daiichi Sankyo Company, Limited*

DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO
SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF
PETITION TO VACATE ARBITRATION AWARD – Page 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on February 22, 2023, I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4   notification of such filing to all counsel of record.

5

6

7                                          *s/ Wen L. Cruz*

8                                          Wen L. Cruz

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DAIICHI SANKYO COMPANY, LIMITED'S RESPONSE TO
SEAGEN INC.'S SUPPLEMENTAL BRIEF RE RIPENESS OF
PETITION TO VACATE ARBITRATION AWARD** – Page 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900