UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAGEN INC., <br><br> Petitioner, <br><br> v. <br><br> DAIICHI SANKYO CO., LTD., <br><br> Respondent. | CASE NO. C22-1613JLR <br><br> ORDER <br><br> **PROVISIONALLY FILED UNDER SEAL** |

## I. INTRODUCTION

Before the court are: (1) Petitioner Seagen Inc.'s ("Seagen") petition to vacate the award (the "Award") entered in an arbitration administered by the American Arbitration Association ("AAA") between Seagen and Respondent Daiichi Sankyo Co., Ltd. ("DSC") (Pet. (Dkt. # 1); Pet. Mem. (Dkt. ## 11 (sealed), 55 (redacted)); Reply (Dkt. # 63)); and (2) Seagen's motion to seal its memorandum in support of its petition to vacate and certain exhibits filed in support of its memorandum (MTS (Dkt. # 9); MTS Reply (Dkt. # 51)); and (3) Seagen's motion to seal certain exhibits filed in support of its

ORDER - 1

reply brief (2d MTS (Dkt. # 62)).  DSC opposes Seagen's petition to vacate (Resp. (Dkt. # 59) but does not necessarily oppose Seagen's motions to seal (MTS Resp. (Dkt. # 48); 2d MTS Resp. (Dkt. # 69); *see also infra* § III.C).  The parties also filed supplemental briefing in response to the court's February 13, 2023 order.  (2/13/23 Min. Order (Dkt. # 66); S. Supp. (Dkt. # 67); DSC Supp. (Dkt. # 68).)  The court has considered the parties' submissions, the balance of the record, and the applicable law.  Being fully advised,[1] the court DENIES Seagen's petition to vacate and GRANTS in part and DENIES in part Seagen's motions to seal.

## II. BACKGROUND

This case involves a dispute regarding antibody-drug conjugate ("ADC") technology.  In July 2008, DSC and Seagen agreed to collaborate on the development of specific ADCs using DSC's proprietary anti-DR5 antibody and Seagen's proprietary ADC technology.  (*See* 11/14/22 Chivvis Decl. (Dkt. # 12) ¶ 2, Ex. 1 ("Collaboration Agreement").[2])  The parties set forth the terms of their relationship in a Collaboration Agreement (the "Collaboration Agreement").  (*See generally id.*)  DSC terminated the Collaboration Agreement in June 2015.  (*See* 11/14/22 Chivvis Decl. ¶ 3, Ex. 2 ("Demand") at 10.)

---

[1] Neither party has requested oral argument (*see* Pet. at 1; MTS at 1; Resp. at 1; MTS Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Seagen filed an unredacted version of Collaboration Agreement under seal at docket entry 45 and a redacted version of the Collaboration Agreement under seal at docket entry 56.  (*See* Collaboration Agreement (Dkt. ## 45 (sealed), 56 (redacted & sealed)).)  As discussed below (*see infra* § III.C), the court will unseal the redacted version of the Collaboration Agreement.

On November 12, 2019, Seagen filed a demand for arbitration. (*See generally id.*) Seagen alleged breach of contract and quiet title claims against DSC. (*See id.* at 13-15; *see also id.* at 11-15 (claiming that DSC developed improvements to Seagen's ADC technology and that Seagen owns such improvements pursuant to the Collaboration Agreement's assignment clause).) The parties jointly appointed Garrett E. Brown, Jr., the former Chief Judge of the United States District Court for the District of New Jersey, to be their arbitrator in the underlying arbitration (the "Arbitrator"). (*See* Resp. at 1; Pet. ¶ 6.) On August 12, 2022, the Arbitrator issued an "Interim Award" in which he dismissed both of Seagen's claims against DSC. (*See* 11/14/22 Chivvis Decl. ¶ 5, Ex. 4 ("Award")[3] at 20-21, 29, 38, 45.) The Arbitrator concluded that both Seagen's breach of contract and quiet title claims were time-barred, and additionally rejected Seagen's quite title claim on the merits. (*See id.* at 25-29, 36-45.)

On November 10, 2022, Seagen filed the instant petition to vacate the Award on Seagen's quiet title claim under Section 10(a)(4) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4). (*See* Pet. at 4-6; Mem. at 1 n.1 (stating that Seagen is not challenging the Award's disposition of its breach of contract claim).) DSC argues the court should dismiss Seagen's petition and seeks its attorney's fees and costs incurred in defending against the petition. (*See* Resp. at 1-3, 22-24.) After reviewing the parties' pleadings, the court ordered supplemental briefing regarding whether the Award is final and ripe for review. (*See generally* 2/13/23 Min. Order; DSC Supp.; S. Supp.)

---

[3] This exhibit is separately filed under seal at docket entry 13-2. (*See* Award (Dkt. # 13-2 (sealed)).)

ORDER - 3

## III. ANALYSIS

The court begins by considering Seagen's petition to vacate and whether DSC should be awarded the attorney's fees and costs it incurred in defending this matter. The court then turns to discuss Seagen's motions to seal.

**A.  Seagen's Petition to Vacate**

As a threshold point, the court must first address whether Seagen's petition is ripe for review.

### 1. Legal Standard

"An arbitration award is ripe for judicial confirmation by the district court only when it is the final determination of the arbitrator. Tentative or interim awards should not be confirmed." *Venetian Casino Resort, L.L.C. v. Lehrer McGovern Bovis, Inc.*, 92 F. App'x 402, 403 (9th Cir. 2004); *In re Pac. Gas & Elec. Co.*, No. CV-08-1211 CW, 2008 WL 2004275, at *3 (N.D. Cal. May 5, 2008) ("Under the FAA, courts may review final arbitration awards; however, no interlocutory review is intended of interim awards."); *see* 9 U.S.C. § 1 *et seq.*; *New United Motor Mfg., Inc. v. United Auto Workers Loc. 2244*, 617 F. Supp. 2d 948, 954-59 (N.D. Cal. 2008). "[B]ecause of the Congressional policy favoring arbitration when agreed to by the parties, judicial review of non-final arbitration awards 'should be indulged, if at all, only in the most extreme cases.'" *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022 (9th Cir. 1991) (quoting *Aerojet-Gen. Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)). "To allow judicial intervention prior to the final award would contravene the fundamental federal labor policy of deference to contractual dispute resolution

procedures, and would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings." *Millmen Loc. 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987) (first citing *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 566-68 (1960); then citing *Kemner v. Dist. Council of Painting & Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir. 1985); and then citing *Aerojet-General*, 478 F.2d at 251).

"To be considered 'final,' an arbitration award must be intended by the arbitrator to be [a] complete determination of every issue submitted." *Millmen Local 550*, 828 F.2d at 1376-77 (quoting *Anderson v. Norfolk & Western Ry. Co.*, 773 F.2d 880, 883 (7th Cir. 1985)) ("[T]he fact that the arbitrator here specifically retained jurisdiction to decide the remedy if the parties could not agree indicates that the arbitrator did not intend the award to be final."). The Ninth Circuit has stated that an interim award "may be deemed final for *functus officio* purposes if the award states it is final, and if the arbitrator intended the award to be final." *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009) ("[T]he common law doctrine of *functus officio* . . . 'forbids an arbitrator to redetermine an issue which he has already decided.'" (quoting *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 n.1 (9th Cir. 1982))); *see also Swenson v. Bushman Inv. Properties, Ltd.*, 870 F. Supp. 2d 1049, 1054 (D. Idaho 2012) (applying this standard to determine if an interim award was final under the FAA).[4]

---

[4] *See also Orion Pictures Corp. v. Writers Guild of Am., W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) ("Where an arbitrator retains jurisdiction in order to decide a substantive issue the parties have not yet resolved, this retention of jurisdiction indicates that the arbitrator did not intend the award to be final." (quoting *Millmen Local 550*, 828 F.2d at 1376-77)); *Markel Am.*

2. <u>Whether the Award is Ripe for Review</u>

Seagen states the Award is not final in light of, among other things, the Arbitrator's December 19, 2022 statement confirming that "no Final Award has been issued in this arbitration." (S. Supp. at 1 (citing Not. of Supp. Authority (Dkt. # 50), Ex. A ("Arb. 12/19/22 Order") at 3) (noting that it "filed this petition as a protective measure because there was ambiguity when the Interim Award was issued as to its finality"); *see also* Reply at 9-10 (discussing why the Award is not final).) Although Seagen contends that its petition is thus not ripe for review, Seagen asks the court to stay this action, rather than dismiss it, until the Arbitrator issues a final award. (*Id.* at 1-2.) DSC, on the other hand, asks the court to find that the Award is final and ripe for review because the Award "conclusively resolves 'all factual issues, legal and equitable arguments, and defenses' except for the question of attorneys' fees." (DSC Supp. at 2 (quoting Award at 20); *id.* at 1 (arguing that "[t]he labeling of the Award as "interim" is not dispositive of its ripeness for judicial review" and that an unresolved issue of attorneys' fees does not prevent an award from being final); *see also* Resp. at 6-7 ("[T]he Award has the requisite finality for the purposes of judicial review.").)

To begin, the court notes that the Arbitrator has acted inconsistently. For example, the Award states that it "is fully and finally dispositive with respect to all factual issues, legal and equitable arguments, and defenses raised in conjunction with the Parties' claims

---

*Ins. Co. v. Internet Brands, Inc.*, No. CV172429MWFAJWX, 2017 WL 10433914, at *6 (C.D. Cal. Nov. 6, 2017) (finding award was not final in light of, among other things, the award's statement that it is an "Interim" one and the lack of any "indication that [the arbitrator] intended the award to be final").

1 | and requests for relief, with the sole exception of the Parties' respective requests for an
2 | award of, *inter alia*, attorneys' fees." (Award at 20; *id.* at 21, 29, 38, 45 (dismissing both
3 | of Seagen's claims against DSC).) Yet the Award is labeled as an "Interim Award
4 | pursuant to AAA Rule 47(b)" (*id.* at 20); the Award states that the "Arbitrator reserves
5 | and retains jurisdiction over all issues outlined above, expressly including any award of,
6 | *inter alia*, attorneys' fees, which shall be addressed in the Final Award" (*id.* at 45); and
7 | the Arbitrator maintains that "no Final Award has been issued in this arbitration" (Arb.
8 | 12/19/22 Order at 3 (stating that "Seagen's pending petition to vacate the Interim Award
9 | [thus] appears to be interlocutory")).  Neither party has identified any authority that
10 | would definitively instruct the court on whether an arbitration award with these particular
11 | inconsistencies is final and ripe for review. (*See generally* S. Supp.; DSC Supp.; Reply at
12 | 9-10; Resp. at 6-7.)

13 | However, Ninth Circuit precedent directs the court to consider whether the
14 | arbitrator intended the award to be final. *See Millmen Local 550*, 828 F.2d at 1376-77;
15 | *Bosack*, 586 F.3d at 1103.  Under that standard, the court concludes that this Award is not
16 | final for the purposes of judicial review, based on its review of the following statements.
17 | First, the Award does not state that it is final. (*See generally* Award.)  Instead, the Award
18 | is labeled as an "Interim Award," refers to itself throughout as "interim," and references
19 | AAA Rule 47(b), which addresses an arbitrator's power to, among other things, make
20 | interim or partial rulings or awards. (*See id.* at 20, 45.)  Second, there is no indication
21 | that the Arbitrator intended the Award to be final.  Rather, the Arbitrator has explicitly
22 | stated that "no Final Award has been issued" in the Underlying Arbitration (Arb.

12/19/22 Order at 3) and that he "reserves and retains jurisdiction over all issues [addressed in the Award], expressly including any award of, *inter alia*, attorneys' fees, which shall be addressed in the Final Award" (Award at 45). *See, e.g.*, *Swenson*, 870 F. Supp. 2d at 1054 (finding no indication that award was final where it was not labeled as final and there was no indication that the arbitrator intended it to be final considering, among other things, his statement "that he was keeping the hearing open until 'we deal with interim award issues, attorneys' fees, interests, those types of things'"). Accordingly, the court DENIES Seagen's petition to vacate because the Award is not final and is thus not ripe for review. As to whether the court should dismiss or stay this case, the court is of the view that judicial economy would best be served by staying this case. Thus, the court STAYS this case until the Arbitrator delivers a final award in the underlying arbitration.

**B.     DSC's Request for Attorneys' Fees and Costs**

DSC asks the court to award DSC its attorneys' fees and costs, arguing that such an award is warranted because Seager's vacatur petition was brought in "bad faith" and "is sanctionable on multiple grounds." (Resp. at 22; *see also id.* at 22-24.) Federal courts have inherent authority to award attorneys' fees in judicial proceedings arising from an arbitral award where "the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1104 (9th Cir. 2011). Because the court did not reach the merits of Seagen's petition and concluded instead that

//

Seagen's petition is unripe (*supra* § III.A.2), an award of fees is not warranted at this time. Accordingly, the court DENIES DSC's request for its attorneys' fees and costs.

**C.    Seagen's Motion to Seal**

During the course of briefing Seagen's petition to vacate, Seagen filed a series of documents under provisional seal. (*See generally* Dkt.) In conjunction with these filings, Seagen also filed two motions seeking the court's authorization to place the documents or portions of documents at issue under seal. (*See generally* MTS; 2d MTS.) In its motions to seal, Seagen asks the court to seal: (1) Seagen's memorandum in support of its petition to vacate; (2) exhibits 1, 3-44, 46-50, 53-66 to the declaration of Matthew A. Chivvis filed in support of Seage's memorandum; and (3) exhibits 67-76 to the declaration of Mr. Chivvis filed in support of Seage's reply. (*See* MTS at 1; 2d MTS at 1.)

As an initial matter, the court does not cite or refer to exhibits 3 and 5-76 in this order. Accordingly, the court DENIES as moot Seagen's motions to seal these exhibits. *See, e.g.*, *Edifecs, Inc. v. TIBCO Software, Inc.*, No. C10-0330RSM, 2011 WL 13362103, at *3 (W.D. Wash. Sept. 23, 2011) (denying motion to seal as moot where court did not rely on the exhibits that plaintiff sought to seal); *Bloom Energy Corp. v. Badger*, No. 21-CV-02154-PJH, 2021 WL 4079208, at *13 (N.D. Cal. Sept. 8, 2021) (same). Because Seagen cannot withdraw the sealed exhibits, they shall remain sealed on the court's docket. *See Edifecs, Inc.*, 2011 WL 13362103, at *3. However, the court renders no

//

//

ORDER - 9

decision regarding whether the parties have established compelling reasons or good cause to justify placing them filed under seal.[5]

That leaves Seagen's requests to seal its memorandum in support of its petition to vacate and exhibits 1 and 4 to Mr. Chivvis's declaration. (*See supra* § II, III.A (citing such documents); *see generally* MTS.)  With respect to these documents, Seagen states that the parties agreed:  (1) to a redacted form of Seagen's memorandum that can be publicly filed, while the seal is maintained on the original memorandum; (2) to a redacted form of exhibit 1 that can be publicly filed, while the seal is maintained on the original exhibit 1; and (3) that exhibit 4 can be publicly filed and need not be sealed.[6] (*See* MTS Reply at 1 & n.3; MTS Resp. at 10, 12.)  Accordingly, the court DENIES as moot Seagen's request to seal exhibit 4 because the parties agree that it need not be sealed and DIRECTS the Clerk to unseal exhibit 4 (Dkt. # 13-2).  As to Seagen's memorandum and exhibit 1, the court has reviewed these documents as well as the parties' arguments in favor of sealing these documents.  Based on that review, the court concludes that the parties have met the standard, set forth in the applicable case law and Local Civil Rule 5(g), for placing these documents under seal.  *See Kamakana v. City & Cnty. of*

---

[5] In accordance with this District's Local Civil Rules, when the court denies a motion to seal but maintains the seal on the documents at issue, such documents shall be treated as withdrawn from the record and the parties "shall not refer to [them] in any pleadings, motions or other filings." Local Rules W.D. Wash. LCR 5(g)(6).

[6] In its response, DSC explicitly agreed with Seagen regarding the treatment of Seagen's memorandum and exhibit 1 and did not request that the court seal exhibit 4. (*See generally* MTS Resp.)

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Rules W.D. Wash. LCR 5(g).[7]

Thus, the court GRANTS Seagen's motion to seal its memorandum and exhibit 1 to Mr. Chivvis's declaration. Because the parties mistakenly placed the redacted version of exhibit 1 under seal, the court DIRECTS the Clerk to remove the seal on the redacted version of exhibit 1 (Dkt. # 56).

In sum, the court GRANTS in part and DENIES in part Seagen's first motion to seal and DENIES as moot Seagen's second motion to seal. The court DIRECTS the Clerk to remove the seal on the exhibits filed at docket entry 13-2 (exhibit 4) and docket entry 56 (redacted version of exhibit 1), but to maintain the seal on all other documents that are provisionally under seal on the court's docket as of this date.

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. The court DENIES Seagen's petition to vacate the Award as unripe (Dkt. # 1) and STAYS this case until the Arbitrator delivers a final award in the underlying arbitration. The court further ORDERS the parties to file a joint status report no more than 60 days from the date of this order and to file a joint status report every 60 days thereafter until the court lifts the stay. The joint status reports shall inform the court of

---

[7] (*See, e.g.*, MTS Reply at 1 ("The agreed-upon redactions to the [m]emorandum relate to DSC's decision-making and certain technical details to rely on Seagen's technology during the development of its [ADC] candidates."); MTS Resp. at 10 (noting that exhibit 1, the Collaboration Agreement, is redacted in accordance with Seagen's SEC filings and that the redacted provisions "contain confidential, sensitive information regarding the [p]arties' financial arrangement and their collaboration's research plan"); *id.* at 12 (noting that the redactions to the memorandum "seek to safeguard the [p]arties' sensitive proprietary information derived from confidential intellectual property development documents or internal business communications").)

ORDER - 11

the status of underlying arbitration and the expected timeline for the delivery of a final award.  If a final award is delivered at any time earlier than 60 days from the date of this order or any 60-day interval at which the parties must file a joint status report, the court ORDERS the parties to file a joint status report informing the court of the development no more than seven days after it occurs;

      2.      The court DENIES DSC's request for attorneys' fees and costs;

      3.      The court (1) GRANTS in part and DENIES in part Seagen's motion to seal its memorandum in support of its petition to vacate and exhibits 1, 3-44, 46-50, 53-66 to the declaration of Mr. Chivvis filed in support of Seage's memorandum (Dkt. # 9) and (2) DENIES as moot Seagen's motion to seal exhibits 67-76 to the declaration of Mr. Chivvis filed in support of Seage's reply (Dkt. # 62).  The court DIRECTS the Clerk to remove the seal on the exhibits filed at docket entry 13-2 (exhibit 4) and docket entry 56 (redacted version of exhibit 1), but to maintain the seal on all other documents that are provisionally under seal on the court's docket as of this date; and

      4.      The court further DIRECTS the Clerk to provisionally file this order under seal and ORDERS the parties to meet and confer regarding the need for redaction of this order and file, by March 24, 2023, a joint statement indicating any such need.

Dated this 4th day of March, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge