UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAGEN INC.,<br><br>            Petitioner,<br><br>     v.<br><br>DAIICHI SANKYO CO., LTD.,<br><br>            Respondent. | CASE NO. C22-1613JLR<br><br>ORDER |

Before the court is Petitioner Seagen Inc.'s ("Seagen") motion to seal (1) its memorandum in support of its second petition to vacate, and (2) several exhibits to the December 13, 2023 declaration of Matthew A. Chivvis.  (Mot. (Dkt. # 87); *see also* Mem. (Dkt. # 81 (sealed)); 12/13/23 Chivvis Decl. (Dkt. # 89).)  Respondent Daiichi Sankyo Co., Ltd. ("DSC") agrees that these materials should be maintained under seal but asks the court to defer ruling on Seagen's motion until it has had a chance to rule on Seagen's petition.  (Resp. (Dkt. # 106) at 1.)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully

ORDER - 1

advised, the court GRANTS Seagen's motion and ORDERS the parties to adhere to the following sealing procedures:

1. The parties shall meet and confer concerning redactions to Seagen's memorandum in support of its second petition to vacate (Dkt. # 81), and file a redacted version on the docket by no later than **January 25, 2024**.

2. The parties shall meet and confer concerning redactions to DSC's forthcoming response to Seagen's second petition to vacate and cross-motion to confirm, and file a redacted version on the docket by no later than **January 25, 2024**.

3. The parties shall meet and confer concerning redactions to Seagen's forthcoming reply in support of its second petition to vacate and response to DSC's cross-motion to confirm, and file a redacted version on the docket by no later than **February 22, 2024**.

4. The parties shall meet and confer concerning redactions to DSC's forthcoming reply in support of its cross-motion to confirm and file a redacted version on the docket by no later than **March 15, 2024**.

5. The parties may maintain confidential exhibits and declarations under seal. When the court rules on Seagen's second petition to vacate and DSC's cross-motion to confirm, the order(s) will direct the parties to again meet and confer and file redacted versions of any exhibits and declarations cited therein on the docket.

The court reminds the parties of the "strong presumption of public access to the court's files"—unnecessary redactions to briefs will not be well taken or tolerated. *See* Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.").

Dated this 16th day of January, 2024

*[signature]*
JAMES L. ROBART
United States District Judge

ORDER - 3