THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | SEAGEN INC.,

No. 2:22-cv-01613-JLR

Petitioner,

11 | **DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE AWARD**

v.

12 | DAIICHI SANKYO CO., LTD.,

13

14 | Respondent and
Cross-Petitioner.

15

16

17

18

19

20

21

22

23

24

25

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE AWARD** – Page i
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................. 3

      A.    The Court Should Confirm the Award.......................................................... 3

      B.    The Court Should Grant DSC Post-Award, Prejudgment Interest ......................... 5

      C.    The Court Should Grant DSC Postjudgment Interest ............................................. 6

      D.    The Court Should Grant DSC its Costs and Fees for
            These Court Proceedings Based on Seagen's Bad Faith Litigation........................ 6

III.  CONCLUSION........................................................................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN
SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE
AWARD** – Page ii
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bosack v. Soward*,
   586 F.3d 1096 (9th Cir. 2009) ..................................................................5

*Cuna Mut. Ins. Soc. v. Office & Prof'l. Employees Int'l. Union, Local 39*,
   443 F.3d 556 (7th Cir. 2006) ....................................................................6

*Fidelity Fed. Bank, FSB v. Durga Ma Corp.*,
   387 F.3d 1021 (9th Cir. 2004) ..................................................................6

*Hayday Farms, Inc. v. FeeDx Holdings, Inc.*,
   55 F.4th 1232, 1244 (9th Cir. 2022) .........................................................2

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
   341 F.3d 987 (9th Cir. 2003) (*en banc*) ...................................................1

*Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran
   v. Cubic Def. Sys., Inc.*,
   665 F.3d 1091 (9th Cir. 2011) ...........................................................3, 4, 6

*Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*,
   969 F.2d 764 (9th Cir. 1992) ....................................................................1

*Oxford Health Plans LLC v. Sutter*,
   569 U.S. 564 (2013)...................................................................................1

*Polimaster Ltd. v. RAE Sys., Inc.*,
   623 F.3d 832 (9th Cir. 2010) .................................................................1, 3

*Purus Plastics GmbH v. Eco-Terr Distrib., Inc.*,
   No. C18-0277JLR, 2018 WL 3064817 (W.D. Wash. June 21, 2018) ....................................3, 5

*Rueter v. Merril Lynch, Pierce, Fenner & Smith, Inc.*,
   440 F. Supp. 2d 1256 (N.D. Ala. 2006)....................................................7

*Schneider v. Cty. of San Diego*,
   285 F.3d 784 (9th Cir. 2002) ....................................................................5

*SII Invs., Inc. v. Jenks*,
   No. 8:05-CV-2148-T-23MAP, 2006 U.S. Dist. LEXIS 51753 (M.D. Fla. July
   27, 2006) ....................................................................................................7

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN
SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE
AWARD** – Page iii
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*SSA Terminals v. Machinists Auto. Trades Dist. Lodge No. 190*,
  244 F. Supp. 2d 1031 (N.D. Cal. 2003) ..................................................................6

**Statutes**

9 U.S.C. § 10(a)(4) ................................................................................................1, 6

28 U.S.C. § 1961 ...................................................................................................6, 7

**Other Authorities**

Am. Arbitration Ass'n Commercial Arbitration Rules ...............................................1

F.R.C.P. R. 11 ...........................................................................................................7

New York Convention, Article V ..............................................................................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN
SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE
AWARD** – Page iv
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# I.    INTRODUCTION[1]

Arbitration is intended to be an efficient mechanism for resolving disputes where parties voluntarily submit to an impartial adjudicator for ***final and binding determination***.[2]  In doing so, the parties, by contractual agreement, accept the credibility determinations, factual findings, interpretations of law, and legal conclusions of their chosen arbitrator(s).  "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA] statute."  *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (*en banc*).[3]  For these reasons, the Ninth Circuit has explained that courts must confirm arbitral awards except in very limited circumstances—none of which apply here, as more specifically explained in DSC's opposition brief.[4]

Here, Petitioner Seagen and Respondent DSC jointly chose and entrusted Chief Judge Garrett E. Brown, Jr. (former Chief Judge of the United States District Court for the District of New Jersey) as the sole Arbitrator to fully and finally resolve their dispute.[5]  In addition, they entrusted the Arbitrator to make important credibility determinations, factual findings, interpretations of law, and legal conclusions in issuing an award of attorneys' fees and costs to the prevailing party.  Instead of accepting the Arbitrator's decisions that Seagen's witnesses were not

---

[1] Capitalized terms and abbreviations not defined herein shall have the meaning ascribed to them in DSC's Opposition to Seagen's Petition to Vacate Arbitration Award and Memorandum in Support of Petition to Confirm the Award, Dkt. 112.

[2] *See* Am. Arbitration Ass'n Commercial Arbitration Rules at 7 (arbitration is "the voluntary submission of a dispute to an impartial person or persons for final and binding determination"), available at https://www.adr.org/sites/default/files/CommercialRules_Web-Final.pdf.

[3] *See also Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error . . . the sole question [under Section 10(a)(4) of the FAA] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong").

[4] *See, e.g.*, *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992); *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 835-36 (9th Cir. 2010); *see also* Dkt. 112 at 8-22.

[5] For many years, including the 26 years during which Chief Judge Brown served on the federal bench, the United States District Court for the District of New Jersey has been a frequent forum for managing and resolving highly-complex intellectual property disputes involving pharmaceutical technology.

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE AWARD** – Page 1
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    credible, that Seagen's evidence was not persuasive, that Seagen did not meet its case burdens,

2    and that DSC as the prevailing party is owed attorneys' fees and costs, Seagen attacks the

3    Arbitrator and submits to this Court for review nearly 80 documents from the Arbitration,

4    including scientific materials, briefing, hearing exhibits, and excerpts of fact and expert witness

5    testimony.  Apparently, Seagen hopes the Court will inject itself as a new decision-maker and

6    revisit the same arguments that the Arbitrator resoundingly rejected.

7        Seagen has it wrong.  This is not what judicial review of final arbitration awards is designed

8    to do.  A district court's role is not to reweigh an arbitrator's factual findings or second-guess their

9    legal conclusions; that would constitute "a merits review that the FAA does not authorize."[6]

10   Rather, judicial review of arbitral awards is highly deferential—particularly where, as here, the

11   Arbitration involved highly technical and complex biopharmaceutical science, complicated facts,

12   live hearings with fact and expert witnesses, and sophisticated commercial parties who knowingly

13   agreed to resolve their disputes through the arbitral process.  As explained in DSC's opposition to

14   Seagen's Petition, as well as below, the Court should confirm the Award—including the

15   Arbitrator's US$45.6 million award of DSC's attorneys' fees and costs.  The Arbitrator awarded

16   them after substantial briefing and a hearing, and in light of the meritless nature of Seagen's claims,

17   which sought to wrest from DSC a proprietary portfolio of life-saving cancer drugs worth tens of

18   billions of dollars.

19       Further, as explained below, the Court should (1) exercise its discretion and grant DSC's

20   request for post-award, prejudgment interest, (2) grant DSC postjudgment interest, and (3) award

21   DSC its costs and fees for responding to Seagen's Petition that wastes the Court's and DSC's time

22   with baseless arguments that unreasonably delay payment of the attorneys' fees and costs that DSC

23   is owed.

24

25   ───────────────

[6] *Hayday Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1244 (9th Cir. 2022); *see also id*. at 1241 ("[A court] must accept the arbitrator's findings of fact.").

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE AWARD** – Page 2
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

## II.    ARGUMENT

2

### A.    The Court Should Confirm the Award

3

Arbitral awards that fall under the New York Convention—such as the Award here—

4 should be confirmed except in extremely narrow circumstances. Dkt. 112 at 22-23. Seagen fails

5 to meet its "substantial" burden of demonstrating that any of those limited circumstances apply

6 here. *See Polimaster*, 623 F.3d at 836.

7 *First*, Seagen argues that this Court should not confirm the Award "if it decides that

8 Seagen's vacatur petition has merit." *See* Dkt. 116 at 12 (citing New York Convention, Art.

9 V(1)(e)). But as DSC has demonstrated, Seagen's Petition is merely an improper attempt to

10 relitigate the Award. *See* Dkt. 112 at 8-21. The Arbitrator carefully considered, yet rejected,

11 Seagen's arguments, as reflected in a 67-page award that shows that the Arbitrator carefully

12 considered all of the evidence presented in the Arbitration, reviewed and considered the facts,

13 applicable law, and made credibility determinations. Courts may not second-guess an arbitrator's

14 factual findings, legal conclusions, or credibility determinations. *See* Dkt. 112 at 8-9.

15 *Second*, Seagen's argument that the Court should refuse to confirm the Award on "public

16 policy" grounds pursuant to New York Convention Article V(2)(b) misconstrues applicable law

17 and the Award itself. *See* Dkt. 116 at 13. As a threshold matter, the Article V(2)(b) public policy

18 defense, while "frequently raised . . . has rarely been successful." *Ministry of Def. & Support for*

19 *the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1096-97

20 (9th Cir. 2011) (internal quotation marks and citations omitted). Seagen has not cited—and DSC

21 itself has not identified—a single case where courts in this District have refused to confirm an

22 award on public policy grounds. Further, "[i]n recognition of a presumption favoring upholding

23 international arbitration awards under the [New York] Convention, this [public policy] defense is

24 construed narrowly. It applies only when confirmation or enforcement of a foreign arbitration

25 award would violate the forum state's most basic notions of morality and justice." *Id.* (internal

quotation marks and citations omitted); *see also Purus Plastics GmbH v. Eco-Terr Distrib., Inc.*,

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN**
**SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE**
**AWARD** – Page 3
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

No. C18-0277JLR, 2018 WL 3064817, at *9 (W.D. Wash. June 21, 2018).  That is an exceedingly high standard.  The Arbitrator's Award does not violate the United States' most basic notions of morality and justice.

To avoid confirmation of the Award, Seagen would need to "demonstrate a ***countervailing*** public policy sufficient to overcome th[e] strong policy favoring confirmation of [international arbitration awards]."  *Cubic Defense*, 665 F.3d at 1098 (emphasis added).  Seagen has not come even close.  Seagen argues that the Court should not confirm the Award "because the Award's resolution of the dispute on statute of limitations ***alone*** does not resolve the cloud on title over the disputed IP."  Dkt. 116 at 13 (emphasis added).  But leaving aside Seagen's meritless assertion that enforcing a state legislature's decision to impose a statute of limitations somehow contravenes public policy, there is no "cloud" over the intellectual property that was the subject of the Arbitration.  Seagen's entire public policy argument is based on the flawed premise that the Award did not resolve the ownership of the intellectual property in dispute.  Dkt. 116 at 13.  That is false.  The Arbitrator expressly found—after a thorough examination of the Parties' contract, the technology at issue, live hearing testimony, and weighing the credibility of witnesses from both Parties—that Seagen's claim that it owned the technology at issue was baseless because those inventions were not technology assignable to Seagen under the contract in dispute.  Award at 39-46 & n.12.  That is an independent ground—aside from the statute of limitations basis—on which the Arbitrator rejected Seagen's claims.  Public policy is served—not frustrated—by enforcing the terms of the Parties' contract and the applicable statute of limitations.

*Third*, the Court should confirm the Arbitrator's award of attorneys' fees and costs to DSC—supported by his conclusion, after considering six briefs from the Parties and hearing oral argument, that "DSC has established that the total amount of attorneys' fees it has requested is reasonable."  Award at 52-53.  Seagen has raised no legitimate argument as to why the fee award

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE AWARD** – Page 4
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    should be set aside.[7]  Seagen's challenge to the Arbitrator's award of attorneys' fees (Dkt. 116 at

2    9-11) is yet another attempt to induce this Court to improperly question the Arbitrator's Award

3    and engage in an impermissible "review [of an arbitral] panel's factual findings and legal

4    conclusions." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009).

5         In sum, because Seagen has not demonstrated any valid legal ground upon which to refuse

6    confirmation of the Award, the Court should confirm it.

7         **B.    The Court Should Grant DSC Post-Award, Prejudgment Interest**

8         This Court should exercise its discretion and grant DSC post-award, prejudgment interest

9    in accordance with federal law.  Seagen's arguments to the contrary are unavailing.  Seagen claims

10   that the equities weigh against awarding DSC post-award, prejudgment interest.  Dkt. 116 at 13.

11   But, as this Court has recognized, "[c]ourts ***presume*** that post-award, prejudgment interest ***is***

12   'appropriate' absent a persuasive showing to the contrary." *Purus Plastics*, 2018 WL 3064817, at

13   *10 (collecting cases) (emphasis added).  Here, Seagen has not given any persuasive reason—legal

14   or equitable—to depart from that presumption, and to deny DSC post-award, prejudgment interest

15   on the fees and costs the Arbitrator awarded.

16        Seagen's claim that post-award, prejudgment interest should not be awarded because DSC

17   does not "point to any instance in which Seagen engaged in a deliberate, bad-faith attempt to

18   withhold payment" (Dkt. 116 at 14) is misplaced.  No such showing of bad faith is required, and

19   it is inconsistent with the purpose of prejudgment interest:  Post-award, prejudgment interest is

20   intended "to compensate a party 'for the loss of use of money due as damages from the time the

21   claim accrues until judgment is entered.'"  *Purus Plastics*, 2018 WL 3064817, at *10 (quoting

22   *Schneider v. Cty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002)).  Where, as here, "an award is

23   silent on whether a party may recover post-award interest, prejudgment interest is consistent with

24   the award." *Purus Plastics*, 2018 WL 3064817, at *10 (collecting cases).

25

---

[7] Seagen does not challenge the costs component of the Award.

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN
SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE
AWARD** – Page 5
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In any event, even considering equitable factors, an award of post-award, prejudgment interest would be "appropriate" here because Seagen improperly attempts "to relitigate issues [that were] before the arbitration panel." *Id.* at *11. Failing to grant DSC post-award, prejudgment interest in these circumstances would undermine the efficacy of arbitration awards in the United States because it would encourage recalcitrant losing parties like Seagen to engage in protracted litigation and appeals and withhold payment for as long as possible, knowing that such behavior is effectively "cost-free." Therefore, the Court should grant DSC's request for post-award, prejudgment interest.

### C.   The Court Should Grant DSC Postjudgment Interest

Seagen does not contest that DSC is legally entitled to postjudgment interest under 28 U.S.C. § 1961. This is unsurprising because, once an award is "confirmed in federal court, the rate specified in § 1961 applies." *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). Under applicable law, an award of postjudgment interest under 28 U.S.C. § 1961 is "mandatory, not discretionary." *Cubic Defense*, 665 F.3d at 1102. Therefore, the Court should grant DSC postjudgment interest.

### D.   The Court Should Grant DSC its Costs and Fees for These Court Proceedings Based on Seagen's Bad Faith Litigation

Rather than comply with the Award, Seagen instead filed its baseless Petition. Seagen has no valid grounds to seek vacatur or to now oppose confirmation of the Award, and Seagen's attacks on the Award go beyond legitimate advocacy. *See* Dkt. 112 at 25-28. Framing impermissible attacks on an arbitration award as allegedly "valid" grounds for vacatur does not insulate a vacatur petitioner from a costs and fees order. *See, e.g.*, *SSA Terminals v. Machinists Auto. Trades Dist. Lodge No. 190*, 244 F. Supp. 2d 1031, 1033 & 1040 (N.D. Cal. 2003) (awarding attorneys' fees against a vacatur petitioner who framed its impermissible attack on arbitration award within 9 U.S.C. § 10(a)(4)); *Cuna Mut. Ins. Soc. v. Office & Prof'l. Employees Int'l. Union, Local 39*, 443 F.3d 556, 565 (7th Cir. 2006) (affirming award of attorneys' fees under Federal Rule of Civil

1    Procedure 11 for "groundless" petition to vacate award); *SII Invs., Inc. v. Jenks*, No. 8:05-CV-

2    2148-T-23MAP, 2006 U.S. Dist. LEXIS 51753, at \*12-13 & 20 (M.D. Fla. July 27, 2006)

3    (magistrate recommended sanctions against vacatur petitioner after finding that award, alleged to

4    be in manifest disregard of law, would be confirmed even if the arbitrators had misinterpreted or

5    misapplied the law.  An award of costs and fees to DSC here would "protect[] arbitration as a cost

6    effective alternative form of dispute resolution."  *See Rueter v. Merril Lynch, Pierce, Fenner &*

7    *Smith, Inc*., 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006) (awarding sanctions against vacatur

8    petitioner where it had "no reasonable chance of success").[8]

9           Therefore, the Court should grant DSC an award for the costs and fees it has incurred in

10   responding to Seagen's Petition.

### III.    CONCLUSION

12   DSC therefore respectfully requests that this Court enter an Order:

13          (1) denying with prejudice Seagen's Petition;

14          (2) confirming the Award and entering judgment thereon, including (a) post-award,

15          prejudgment interest, and (b) postjudgment interest required by 28 U.S.C. § 1961;

16          and

17          (3) granting DSC its costs and fees incurred in responding to Seagen's Petition.

---

[8] Notably, Seagen does not address DSC's observation that Seagen repeatedly grossly misrepresented the Award, including by asserting that the Award "does not address any of the compelling evidence Seagen presented," (Dkt. 81 at 10), despite the Award expressly stating—multiple times—that all of Seagen's evidence *was* considered.  Dkt. 112 at 18-19 (citing Award at 21, 42).

**DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE AWARD** – Page 7
**NO. 2:22-CV-01613-JLR**

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    I certify that this memorandum contains 2,369 words, in compliance with the Court's Order

2    Dkt. 105.

3    DATED: March 8, 2024

4                                                CORR CRONIN LLP

5                                                *s/ Steven W. Fogg*
                                                 Steven W. Fogg
6                                                WSBA No. 23528
                                                 sfogg@corrcronin.com
7                                                Jack M. Lovejoy
                                                 WSBA No. 36962
8                                                jlovejoy@corrcronin.com
                                                 CORR CRONIN LLP
9                                                1015 Second Avenue, Floor 10
                                                 Seattle, Washington 98104-1001
10                                               Telephone:  (206) 625-8600
                                                 Fax:  (206) 625-0900
11

12                                               OF COUNSEL:

13                                               Preston K. Ratliff II
                                                 prestonratliff@paulhastings.com
14                                               Dana Weir
                                                 danaweir@paulhastings.com
15                                               Amanda L. Pober
                                                 amandapober@paulhastings.com
16                                               PAUL HASTINGS LLP
                                                 200 Park Avenue
17                                               New York, New York 10166
                                                 Telephone:  (212) 318-6000
18

19
                                                 Joseph R. Profaizer
20                                               joeprofaizer@paulhastings.com
                                                 Igor V. Timofeyev
21                                               igortimofeyev@paulhastings.com
                                                 PAUL HASTINGS LLP
22                                               2050 M Street NW
                                                 Washington, DC 20036
23                                               Telephone:  (202) 551-1700

24
                                                 *Attorneys for Respondent*
25                                               *Daiichi Sankyo Company, Limited*

DAIICHI SANKYO COMPANY, LIMITED'S REPLY IN
SUPPORT OF ITS CROSS-MOTION TO CONFIRM THE
AWARD – Page 8
NO. 2:22-CV-01613-JLR

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900